IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANTHONY J. MINNEY,** | |
| **Petitioner,** | |
| v. | Case No. 19-CV-01076-SPM |
| **T. G. WERLICH, Warden, Greenville** | |
| **Respondent.** | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Anthony J. Minney, an inmate in the Bureau of Prisons, filed this *pro se* Habeas Corpus action pursuant to 28 U.S.C. § 2241 in October 2019. (Doc. 1). Minney invokes the decision of *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (2019), as the basis for his claim. In January 2021, the Court granted the Federal Public Defender's Motion to Withdraw due to frivolity and advised Minney that he may file a notice of dismissal without prejudice. (Doc. 21). Minney did not respond. Respondent then moved to dismiss the Petition (Doc. 22). Minney did not reply.

### RELEVANT FACTS AND PROCEDURAL HISTORY

In April 2015, Minney was indicted in the Southern District of Indiana of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 1) (Doc. 22-1) *United States v. Minney*, No. 15-cr-00063-JMS-DML. The indictment included Minney's previous convictions for crimes punishable by imprisonment for a term exceeding one year: escape, firearm possession by a serious violent felon, dealing in cocaine or narcotic drugs, and possession of cocaine or narcotic drugs (*Id.*). In August

2016, Minney pleaded guilty (Doc. 22-2).[1] The plea agreement stated that Minney "sustained several [previous] felony convictions, including: escape [ ]; unlawful firearm possession by a serious violent felon[ ]; dealing in cocaine or narcotic drugs [ ]; and possession of cocaine or narcotic drugs [ ]" (Doc. 22-2, p. 11). Minney acknowledged in the plea agreement that he received a copy of the indictment and read it (*Id.*, p. 11). Minney's presentence investigation report revealed that he served almost three years in custody for the dealing in cocaine conviction. In November 2016, he was sentenced to 92 months' imprisonment under § 922(g)(1).

In July 2017, the United States Court of Appeals for the Seventh Circuit affirmed the district court's denial of Minney's motion to suppress the firearm evidence in the case. *United States v. Minney*, 869 F.3d 505 (7th Cir. 2017). In July 2018, Minney filed a motion under 28 U.S.C. § 2255, claiming ineffective assistance of counsel, stating again that the firearm evidence should have been suppressed and arguing that counsel should have filed an interlocutory appeal after the district judge's denial. *Minney v. USA*, No. 18-cv-02075-JMS-TAB. In July 2018, the district court denied that motion.

## APPLICABLE LEGAL STANDARDS

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Thus, aside from the direct appeal process,

---

[1] The United States dismissed Counts 2 and 3 of the Indictment.

a prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A Section 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner is also normally limited to only *one* challenge of his conviction and sentence under Section 2255. He or she may not file a "second or successive" Section 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, it is possible for a prisoner to challenge his federal conviction or sentence under Section 2241. Specifically, 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *see also United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for

postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." In other words, "there must be some kind of structural problem with section 2255 before section 2241 becomes available." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

Following *Davenport*, a petitioner must meet three conditions in order to trigger the savings clause. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Second, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

## THE REHAIF DECISION

On June 21, 2019, the Supreme Court held in *Rehaif*:

> [I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here.

*Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (defendant's conviction for illegal

possession of firearm and ammunition was based on his status of being illegally or unlawfully in the United States; reversing/remanding because the Government had not been required to prove at trial that defendant knew he was unlawfully in the country). The opinion abrogated nationwide precedent in all eleven circuit courts of appeal which had held that knowledge was not an element that the prosecution must prove to obtain a conviction.

## ANALYSIS

Respondent in this case concedes that Minney's claim meets the first two *Davenport* requirements (Doc. 22, p. 18), but argues he cannot meet the third factor because of ample available evidence that Minney knew he had been previously convicted of several felonies at the time he possessed the firearms.

It is true that Minney's indictment did not allege that he knew he was a convicted felon at the time he possessed the firearms. Cases following the *Rehaif* decision make clear, however, that this Court can and should consider certain other evidence in the record to determine whether it establishes the knowledge element set forth in *Rehaif* and if so, the conviction will stand even where the knowledge element was omitted from the indictment or even the jury instructions. *See, e.g., United States v. Pulliam*, _ F.3d _, No. 19-2162, 2020 WL 5247590, at *3 (7th Cir. Sept. 3, 2020); *United States v. Maez*, 960 F.3d 949 (7th Cir. 2020); *United States v. Williams*, 946 F.3d 968, 973-74 (7th Cir. 2020). *See also Bousley v. United States*, 523 U.S. 614 (1998). Given his prior convictions, one of which was for a state offense of possession of a firearm as a felon, his acknowledgment of those convictions, and his term of

incarceration in excess of one year for one of those convictions, the Court is satisfied that Minney knew he was a convicted felon when he possessed the firearms in the instant case. Minney therefore cannot demonstrate that the omission of the *Rehaif* knowledge element from his indictment and jury instructions resulted in his being convicted of a nonexistent offense, or of a crime of which he was innocent. There was no miscarriage of justice in this case, and Minney is not entitled to habeas relief under Section 2241 based on the *Rehaif* decision.

Furthermore, the Seventh Circuit has made it clear that a person challenging the validity of his/her guilty plea based on *Rehaif* has the burden to show there is "a reasonable probability that he would not have pleaded guilty if he knew of *Rehaif*." *United States v. Dowthard*, 948 F.3d 814, 817-18 (7th Cir. 2020) (quoting *Williams*, 946 F.3d at 973). Like the defendant in *Dowthard*, Minney has set forth no facts or argument to convince the Court that he would have chosen to go to trial if the *Rehaif* rule had applied.

## Conclusion

Anthony J. Minney's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This action is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. *See* FED. R. APP. PROC. 4(a)(1)(B). A motion for leave to appeal in forma pauperis ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. PROC.

24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. PROC. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–726 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–859 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. *See* FED. R. APP. PROC. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *See Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:  May 21, 2021**

> *s/ Stephen P. McGlynn*
> **STEPHEN P. McGLYNN**
> **U.S. District Judge**